**Gordon Fay GRISSOM, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

No. A–13520.

Court of Criminal Appeals of Oklahoma.

Jan. 20, 1965.

Hardin Ballard, Purcell, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in Error, Gordon Fay Grissom, hereinafter referred to as defendant, was charged in the County Court of McClain County with the crime of Reckless Driving. He was tried by the trial court, found guilty, and sentenced to pay a fine of $120.00 and 20 days in the county jail. He now files his appeal in this Court by transcript, alleging two main assignments of error.

It will be necessary to set forth a large portion of the the the journal entry appearing in the transcript in order to get the facts of the proceedings, as follows:

"Now on this 23rd day of March, 1964, the same being a regular court day of the January Term, GORDON FAY GRISSOM appears in person for arraignment on information filed in this Court charging the defendant with RECKLESS DRIVING in violation of Title 47, 11–901: The State of Oklahoma being present by Murray F. Gibbons, County Attorney, McClain County, Oklahoma.

"The defendant answers as to the correctness of his name as shown in the information and after being furnished with a copy of said information and having same read aloud to him, is advised as to his right to be represented by Counsel at all stages of the proceedings, right to have Court appoint counsel; if defendant is indigent; right to consult Counsel before further proceeding, right to additional time in which to plead, statutory minimum and maximum punishment for offense adjudged, plea to be guilty or not guilty; if plea of not guilty, defendant's right to speedy public jury trial, or his right to waive jury trial to present issues to the Court upon agreement of parties * * *. If a plea of guilty is entered, duty of the Court to fix punishment. Evidence of mitigation or aggravation admissible. Recommendation of prosecutor, if any not binding upon the Court. Right for time before the pronouncement of judgment and sentence.

"WHEREUPON the defendant attempted to enter a plea of guilty, which plea the court refused to accept by reason of same being a conditional plea, and the Court directs that a plea of not guilty be entered and defendant's appearance bond fixed in the sum of One Thousand Dollars ($1000.00) and defendant is advised as to his rights to make bail and be released from custody, and defendant is further advised that the case will be set for trial at the next jury term of court, the exact date of same at this time being unknown.

"The defendant stated that he does not desire a jury trial, desires to waive his right to same and have the case tried to the Court, waives his right to aid of assistance of Counsel, and requests that said hearing be had immediately. The State waives right to trial by jury and agrees that the case may be tried to the Court instanter.

"WHEREUPON the Court proceeds to hear the testimony of witnesses sworn and examined and cross examined in Open Court including the testimony of the defendant, and the Court being otherwise well and sufficiently advised in the premises finds that the defendant is guilty as charged and inquires of defendant as to whether or not there is any legal reason why sentence should not be pronounced at this time. The defendant having answered in the negative and no reason being known to the Court: * * *."

At that time judgment was pronounced, and on the next day, the defendant engaged an attorney, who filed a Motion to Vacate And Set Aside Judgment and Sentence, asking the Court to allow the defendant to withdraw his plea of guilty. This was overruled.

■ Defendant's first assignment of error is that the sentence of 20 days in jail, in addition to a fine of $120.00 and the costs, for the offense of reckless driving (by speeding) is excessive, cannot be considered by this Court as the rule is well settled, as

stated in the case of Wiese v. State, Okl.Cr., 305 P.2d 868:

"The question of the alleged excessiveness of punishment cannot be determined where the appeal is by transcript as such question requires an examination of the evidence before the ·trial court."

■ Defendant's second proposition is that the trial court erred in not vacating the judgment and sentence. Defendant's brief is replete with authorities substantiating his contention that the defendant should be allowed to withdraw his plea of guilty. However, as it is shown in the journal entry of the judge, defendant did not enter a plea of guilty. The judge entered a plea of not guilty for him, heard testimony, including defendant's, and made his ruling—as was the defendant's request. Under the facts and circumstances of the instant case, it was not error to overrule defendant's motion.

There being no error meritorious enough to justify reversal, the judgment and sentence of the trial court is hereby affirmed.

BUSSEY, P. J., and BRETT, J., concur.